UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 14-41898-659 |
| | ) | |
| Dawn D. Turner, | ) | CHAPTER 13 |
| | ) | |
| Movant. | ) | |
| | ) | OPPOSITION TO DEBTOR'S MOTION |
| | ) | TO SELL REAL ESTATE |
| Travis Turner, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Hearing Date: January 22, 2015 |
| | ) | Time: 11:00 a.m. |
| | ) | Courtroom 7 North |
| | ) | Thomas F. Eagleton Courthouse |
| | ) | |

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SELL REAL ESTATE**

Bank of America, N.A., its assignees and/or successors in interest, a secured creditor and party in interest herein ("Secured Creditor"), by counsel, respectfully submits this Opposition to Debtor's Motion to Sell Real Estate ("Motion"), and for its response, Secured Creditor, states as follows:

1. Travis Turner ("Debtor") is an individual and the Chapter 13 Debtor herein.

2. On or about March 14, 2014, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

3. Secured Creditor is the current payee of a Promissory Note dated February 13, 2006 in the original principal amount of $50,000.00 ("Note" herein) secured by a Deed of Trust ("Deed of Trust" herein) upon real property generally described as **6934 Clayborne Dr. O'Fallon, MO 63368** and legally described as set forth in the Deed of Trust ("Property" herein). A copy of the proof of claim, which contains the Note and Deed of Trust, is incorporated by reference and attached hereto as **Exhibit "1"**.

1

4. Pursuant 11 U.S.C. Section 363(f), the Debtor can obtain approval to sell the property only if one of the following conditions are met:

(1) applicable nonbankruptcy law permits sale of such property free and clear of any interest in such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

5. Since Debtor's Motion does not allege that an offer has actually been placed on the property, and he has not provided a proposed escrow pay out, to the extent the proposed sale is a "short sale" and will not pay Secured Creditor in full, Secured Creditor objects to any such sale. The only way such a sale may be approved is with the Secured Creditor's consent. The Secured Creditor will agreed to an entry of a Bankruptcy Order allowing the Debtor to attempt to sell the property, but only if Secured Creditor gives its **written** consent to the final terms of the proposed sale.

WHEREFORE, the Secured Creditor requests that the Motion be denied to the extent that it may be attempting to force a "short sale" upon the Secured Creditor or, in the alternative, be granted with the understanding that the proposed sale cannot be completed unless the Secured Creditor consents to the final terms of the sale in writing.

2

Dated:  <u>January 7, 2015</u>    By: <u>/s/ John P. Miller</u>
       JOHN P. MILLER, #38233MO
Retained Counsel
Dunn & Miller, P.C.
13321 North Outer Forty Road
St. Louis, MO  63017
(314) 786-1200
(314) 786-1201 fax
jmiller@dunnandmiller.com

Prober & Raphael, A Law Corporation
Attorneys for Secured Creditor
P. O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
B.507-11675

3

## **SPECIAL NOTICE**

## **THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.**

The following statement provides you with notice of certain rights, which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

### **CONSUMER DISCLOSURE**

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Prober and Raphael, ALC within 30 days that all or a part of your obligation or judgment is disputed, then Prober and Raphael, ALC will mail you a written verification of the obligations or judgment and the amounts owed to Bank of America, N.A. In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 14-41898-659 |
| | ) | |
| Dawn D. Turner, | ) | CHAPTER 13 |
| | ) | |
| Movant. | ) | |
| | ) | |
| Travis Turner | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Hearing Date: January 22, 2015 |
| | ) | Time: 11:00 a.m. |
| | ) | Courtroom 7 North |
| | ) | Thomas F. Eagleton Courthouse |
| | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the foregoing was served either electronically or via first class U.S. Mail on January 7, 2015 to the parties listed below:

Travis B Turner
6934 Clayborne Dr.
O'Fallon, MO 63366
Debtor

Brent S. Westbrook, Esquire
Westbrook Law Group, LLC
515 Jefferson St., Suite C
St. Charles, MO 63301
Attorney for Debtor

John V. LaBarge, Jr.
P.O. Box 430908
St. Louis, MO 63143
Chapter 13 Trustee

U.S. Trustee
Office of US Trustee
111 S Tenth St, Ste 6353
St. Louis, MO 63102

By: <u>/s/ John P. Miller</u>
    JOHN P. MILLER
    Retained Counsel
    Dunn & Miller, P.C.
    13321 North Outer Forty Road
    St. Louis, MO  63017
    (314) 786-1200
    (314) 786-1201 fax
    jmiller@dunnandmiller.com

    Prober & Raphael, A Law Corporation
    Attorneys for Movant
    (818) 227-0100
    P. O. Box 4365
    Woodland Hills, CA 91365-4365
    (818) 227-0100
    B.507-11675